JoNes, Chief Judge,
delivered the opinion of the court:
Plaintiff, a veteran’s preference eligible, sues for compensation for the period March 27 to July 12,1948, alleging an illegal termination of his employment with the Veterans’ Administration.
Plaintiff, on September 9, 1947, was given a permanent appointment as a civilian employee of the United States Veterans’ Administration Eegional Office, Boston, Mass., and served in an active duty status until March 26, 1948.
On February 25, 1948, plaintiff was given notice that due to a reduction in force his active service would be terminated at the close of business on March 26, 1948; that he would be placed on annual leave with pay for the duration of his annual leave, after which he would continue on a leave-without-pay status for one year, when such status would end.
Plaintiff appealed to the Civil Service Commission, both as to his rating and as to alleged procedural errors. While *84 this appeal was pending plaintiff received a letter dated June 4, 1948, stating that due to a rerating of his efficiency record and added retention credits, he would be restored to duty.
On June 16, 1948, plaintiff was notified by the Civil Service Commission that in view of the reconsideration by the Veterans’ Administration and plaintiff’s recall to duty, no further action would be taken on his appeal.
On July 12, 1948, plaintiff was restored to duty and promoted from a grade CAF-7 position to a CAF-9 position.
Plaintiff was carried in a nonduty pay status from March 27 until his annual leave expired on May 13, 1948. He received no compensation from the Veterans’ Administration for the period May 13 to July 12,1948. He claims compensation for the entire period of his separation from the service at the grade CAF-9 salary. He also claims 33 days of annual leave, plus four and one-third days which he says he would have earned during the period he was illegally separated from the service.
The defendant concedes that plaintiff is entitled to recover at the rate of pay of the CAF-7 grade for the period May 13 to July 12, 1948, but denies that plaintiff is entitled to recover for the prior period of his separation from the service and also denies that he is entitled to compensation for the termination period at the CAF-9 rating.
An examination of section 6 (b) (2) of the Act of June 10,1948, 62 Stat. 354, as amended, 5 U. S. C. 652 (1952 Ed.), clearly provides that employees entitled to the benefits of its provisions shall be paid compensation at the rate received on the date of discharge, suspension or furlough. Manifestly, plaintiff would not be entitled to compensation at the higher rate of pay of the position to which he was later assigned. The same section also stipulates that the additional leave shall not be allowed for the period of illegal separation. Hence plaintiff is not entitled to the four and one-third days of leave which he would have earned had he not been taken off active duty.
Plaintiff is entitled to compensation at the scheduled rate of pay for a CAF-7 employee for the period May 13 to *85 July 12, 1948. It has been agreed that this sum amounts to $561.40.
Plaintiff has also been paid for the period March 27 to May 13, 1948, but the pay for this period was improperly charged to his accumulated annual leave.
As we interpret the decision of the Comptroller General of the United States, B-127039, dated March 16, 1956, the plaintiff would probably be entitled to be recredited with his accumulated annual leave which had been improperly charged to a period when plaintiff was entitled to be paid as if on active duty, or to be recredited with so much of such leave as he may be entitled to have carried forward.
While we do not have authority to direct that plaintiff’s leave account be credited with this improperly enforced annual leave, we assume that in view of the Comptroller General’s decision the Veterans’ Administration will thus recredit the plaintiff’s leave account.
Plaintiff is entitled to recover $561.40, and judgment will be entered in his favor in that amount.
It is so ordered.
LaramoRe, Judge; MaddeN, Judge; Whitaker, Judge; and LittletoN, Judge, concur.
FINDINGS OF FACT
The court, having considered the evidence, the report of Commissioner Marion T. Bennett, and the briefs and argument of counsel, makes findings of fact as follows:
1. The plaintiff, Joseph E. McTiernan, is a citizen of the United States, a resident of the State of Massachusetts, and entitled to a 10-point veteran’s preference in connection with employment in the Federal Government as a result of a disability incurred while serving in the armed forces of the United States during World War II.
2. He was given a permanent appointment as a civilian employee of the United States Veterans’ Administration Eegional Office, Boston, Massachusetts, and served continuously on an active duty status, from September 9, 1947, through March 26,1948, in the position of Training Specialist, CAF-7.
*86 3. On February 25,1948, a notice of reduction in force was issued to plaintiff by the Veterans’ Administration’s Boston Begional Office advising him that his active service must be terminated a,t the close of business on March 26,1948. The notice of reduction further stated that, “You will be placed in a nonduty status with pay for the duration of your annual leave and subsequently carried by this agency on a leave-without-pay status which will terminate one year from the date of receipt of this letter.”
4. Under date of March 2, 1948, plaintiff acknowledged receipt of the February 25 notice and appealed his efficiency rating to the Boston Begional Office of the United States Civil Service Commission pointing to certain alleged procedural errors of defendant.
5. On April 22,1948, the plaintiff was notified by the Veterans’ Administration of the following personnel action:
Active duty expires 3-26-1948. You will be placed in a nonduty with pay status for the duration of your annual leave which expires at 1:30 p. m. on 5-13-1948; subsequently you will be on leave without pay status until 2-24-1949 unless you are recalled to duty prior to that time.
6. By letter dated June 4, 1948, the plaintiff was notified as follows:
1. This letter is official notification of the cancellation of letter dated February 25,1948, notifying you of your proposed separation due to reduction in force. Due to the recent rerating of efficiency ratings for the period involved in the computation and compilation of the retention registers, you now have 10 credits and are not in the group to be separated in the present reduction.
2. Please call at the Placement Section of the Personnel Division on Monday, June 14,1948, to make arrangements about returning to duty with the Vocational Be-habilitation & Education Division. Do not resign any position you now hold until all negotiations for your return have been completed and you have been formally notified when to report for duty.
7. The plaintiff, under date of June 16,1948, was notified by the Civil Service Commission that in view of the recon *87 sideration by the Veterans’ Administration and plaintiff’s recall to duty, no further action would be necessary by the Civil Service Commission and his appeal was accordingly being closed out.
8. Plaintiff was recalled and returned to active duty on July 12,1948, on which date he was promoted from a grade CAF-7 position with a salary of $3,522.60 per annum ,to a grade CAF-9 position with a salary of $4,479.60.
9. It was the policy of the Veterans’ Administration in 1948 to advise any employee reached by a reduction-in-force that he could be separated immediately and given a lump sum payment for accrued annual leave or he could accept a furlough in lieu of separation and collect his annual leave payments on a regular biweekly basis until paid in full for his leave. On March 16, 1948, the plaintiff agreed in writing to accept a furlough for a period of one year in lieu of separation because of reduction in force.
10. Plaintiff was carried on a nonduty with pay status from March 27,1948, until his annual leave expired at 1: 30 p. m. on May 13,1948.
11. Plaintiff received no compensation from the Veterans’ Administration covering the period from 1: 30 p. m. on May 13.1948, the begining of his leave-without-pay status, to July 12.1948, the effective date of his return to duty and promotion to grade CAF-9, and he had no outside earnings during the period of his leave-without-pay.
12. The plaintiff claims compensation from March 27,1948, the effective date of reduction in force, to July 12, 1948, the date of restoration to duty, in the sum of $1,027.35. In addition, plaintiff claims that had he been employed between these dates he would not have used 33 days of annual leave which expired on May 13, 1948, and would have accrued an additional four and one-third days of leave in that period. He claims these 37% days would then have been available to him to expend at a CAF-9 rate, amounting to $464.42, less leave money admittedly received at a CAF-7 rate in the amount of $322.74, or a net of $141.68.
13. The record contains no figures or admissions establishing specifically what sums were paid to plaintiff after *88 March. 26,1948, o,ther than for accrued leave to May 13,1948, in the sum of $322.48. The record contains no testimony by plaintiff or other evidence to establish what he would or would not have done with his accrued leave but for the reduction in force, what it would have been or the circumstances surrounding his promotion.
CONCLUSION OF LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is entitled to recover, and it is therefore adjudged and ordered that he recover of and from the United States five hundred sixty one dollars and forty cents ($561.40).